■ WILLIAM J. SMITH, an Infant, by His Parent and Natural Guardian, ROSEMARIE SMITH, et al., Respondents, v COUNTY OF NASSAU, Defendant, and TOWN OF HEMPSTEAD, Appellant. [648 NYS2d 343] —In a negligence action to recover damages for personal injuries, etc., the defendant Town of Hempstead appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 8, 1995 which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, the complaint insofar as asserted against the appellant is dismissed, and the action against the remaining defendant is severed.

The infant plaintiff was allegedly injured when he and his companions pried open a manhole cover in their attempt to retrieve a ball that had fallen into a catch basin and the cover fell on the infant plaintiff's foot. The plaintiffs sought to recover damages from the defendant Town of Hempstead (here-

inafter the Town) on the ground that the manhole cover was negligently maintained.

The proponents of a motion for summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Once the movant has demonstrated a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp., supra*).

The Town demonstrated its entitlement to judgment in its favor as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562, *supra*). In response, the plaintiffs failed to proffer any evidence to show the existence of triable issues of fact. Assuming that the manhole cover was negligently maintained, the conduct of the infant plaintiff and his companions in prying open the manhole cover served as an independent intervening act which was divorced from and not a foreseeable risk associated with the original negligence (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315-316; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950, 952). Under the circumstances, summary judgment should have been granted to the Town. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.