■ WILLIAM FREEMAN et al., Respondents, v ELENA COBOS, Appellant. [659 NYS2d 424] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated June 17, 1996, as denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The injured plaintiff, a telephone cable technician, was injured when he slipped and fell while attempting to obtain access to a terminal box on the rear of the defendant's house. The terminal box in question was located over a stairwell leading to the basement of the defendant's house. In attempting to access the terminal box, rather than use a ladder, the plaintiff walked out onto the cement lip of the stairwell. The injured plaintiff claims that he fell when a portion of the cement lip gave way under his feet.

It is well settled that in order to impose liability upon a landowner for injuries resulting from an allegedly defective condition, the plaintiff must establish that the landowner either created, or had actual or constructive notice of the defective condition (see, Gordon v American Museum of Natural History, 67 NY2d 836; Putnam v Stout, 38 NY2d 607, 612; Pirillo v Longwood Assocs., 179 AD2d 744). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it. There is no evidence that the defendant created, or had actual or constructive notice of the allegedly defective condition. In fact, at his own examination before trial, the injured plaintiff testified that the cement lip appeared intact, was not chipped away, and looked and felt solid.

Furthermore, a landowner does not have a duty to exercise reasonable care in maintaining his property in a safe condition to prevent occurrences which are deemed so extraordinary in nature that they would not suggest themselves to a reasonably careful and prudent person as occurrences which should be guarded against (see, Fellis v Old Oaks Country Club, 163 AD2d 509). Here it was simply not foreseeable that the injured plaintiff would attempt to use the cement lip of the stairwell wall to reach the terminal box. Accordingly, summary judgment should have been granted to the defendant. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.