■ REBECCA TIGULLA, as Mother and Natural Guardian of PRANEETH R. TIGULLA, an Infant, Appellant, v JOHN S. PORZIO, Respondent. (And a Third-Party Action.) [681 NYS2d 58] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Scarpino, J.), entered December 5, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's three-year-old infant was severely burned when he tipped over a bucket of scalding hot water which his father had left unattended in the bathtub. The plaintiff brought suit against the defendant-landlord, alleging that the defendant's negligence in failing to fix the plaintiff's clogged bathtub drain and failing to properly monitor and test the temperature of the hot water upon the installation of a new boiler system caused the infant's injuries. The plaintiff argued that had it not been for the clogged drain, the infant's father would not have filled a bucket of scalding water in order to fix the drain himself. In addition, the plaintiff argued that if the defendant had properly monitored the contractor's job, the hot water

would have been at a more moderate temperature, which would not have burned the infant to the degree it did. The Supreme Court granted the defendant's motion for summary judgment. We affirm.

Although questions concerning what is foreseeable and what is normal are generally for the fact-finder to resolve, there are certain instances where only one conclusion may be drawn from the established facts, and where the question of proximate cause may be decided as a matter of law. Those cases generally involve independent intervening acts which operate upon but do not flow from the original negligence (*see, Derdiarian v Felix Constr. Corp.,* 51 NY2d 308).

It is clear in the present case that neither the defendant's failure to fix the bathtub's drain nor any failure to monitor the hot water temperature in a newly-installed boiler system was the proximate cause of the accident. The clogged drain may have created the occasion for the accident and the "hot water [may have] created the specific injuries for which damages were sought and [may have] determined the gravity of the consequences resulting from the accident, but it did not cause" the intervening act, which was not foreseeable. Rather, the accident was caused by the infant's father leaving a bucket of scalding hot water unattended in the bathroom (*see, Rivera v City of New York,* 11 NY2d 856, 857). O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.