MAZAL S. SISO et al., Appellants, v JACK TAWIL et al., Respondents, et al., Defendants. (And a Third-Party Action.) [769 NYS2d 384]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Belen, J.), dated May 13, 2002, which granted the motion of the defendants Jack Tawil and Olga Tawil for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff Mazal Siso (hereinafter Mazal) was injured in 1987 while visiting her grandparents in an apartment they rented from the defendants Jack Tawil and Olga Tawil (hereinafter collectively the Tawils). At the time of the accident, Mazal, who was then one year old, was moving about the apartment in a walker while a meal was being prepared in the kitchen. A pot of hot water had been placed on the kitchen counter, with its electrical cord hanging down and plugged into an outlet located near the floor. According to her grandmother, Mazal pulled the pot's cord "like a toy," and the contents of the pot spilled on her, causing severe burns. In the action at bar, the plaintiffs contend that the Tawils were negligent in failing to provide an electrical outlet above the kitchen counter, rather than at floor level, and that this negligence was the cause of Mazal's injuries.

The Supreme Court properly granted the Tawils' motion for summary judgment dismissing the complaint insofar as asserted against them. The evidence presented by the Tawils established as a matter of law that their alleged negligence was not the proximate cause of Mazal's accident. While the placement of the outlet at floor level may have created the occasion for the accident, the infant plaintiff's injuries were caused by an intervening act which was not foreseeable (*see Martinez v Lazaroff,* 48 NY2d 819 [1979]; *Rivera v City of New York,* 11 NY2d 856 [1962]; *Tigulla v Porzio,* 255 AD2d 504 [1998]; *Wells v Finnegan,* 177 AD2d 893 [1991]). In opposition to the motion, the plaintiffs failed to offer evidence sufficient to raise a triable issue of fact with respect to proximate cause.

In view of our determination, we need not reach the parties' remaining contentions. S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.