■ Haysten Perez et al., Appellants, v William Rodriguez, Respondent, et al., Defendants. [836 NYS2d 693]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated March 31, 2006, as granted that branch of the motion of the defendant William Rodriguez which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

A landowner has a duty to exercise reasonable care to maintain his or her premises in a safe condition (*see Basso v Miller*, 40 NY2d 233 [1976]). The respondent satisfied his burden of establishing that he neither created nor had actual or

constructive notice of an allegedly dangerous condition on his property that allegedly caused the infant plaintiff's injuries (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]).

Regardless of whether the respondent was aware that the planter which fell on the infant plaintiff was not secured to the pillar on which it stood, the infant plaintiff's act of grabbing the edge of the planter and trying to lift himself up to do a chin-up constituted a superseding cause of such an extraordinary nature that it was not an occurrence which should have been guarded against in the exercise of reasonable care in maintaining the property in a safe condition (*see Freeman. v Cobos*, 240 AD2d 698 [1997]). Thus, the imposition of liability would be unreasonable under the circumstances (*see Siso v Tawil*, 2 AD3d 828 [2003]; *Barth v City of New York*, 307 AD2d 943, 943-944 [2003]; *Dantzler v New York City Hous. Auth.*, 269 AD2d 420 [2000]; *Freeman v Cobos, supra*; *Smith v County of Nassau*, 232 AD2d 474, 475 [1996]). Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.