■ VICTOR MARSH, Respondent, v LARRY MARSH et al., Appellants. [845 NYS2d 551]—

Mugglin, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered February 21, 2007 in Chemung County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, defendants' son, went to defendants' single-family home to assist his father in removing a CB antenna from a flat garage roof. Plaintiff and his father placed a single 16-foot section of ladder, equipped with rubberized feet, at an approximate angle of 60 degrees against the building. The ladder, with the feet properly positioned, was placed on the asphalt driveway (which defendant Larry Marsh described as "slick") and close to a picket fence. His father steadied the ladder while plaintiff

---

climbed it and went on the roof to determine what tools would be needed to remove the antenna. After his father left to obtain the tools, plaintiff, who was thirsty, decided to get a drink. While descending the ladder, it slipped and plaintiff fell on the picket fence and was injured. Defendants, arguing that no evidence of negligence exists, moved for summary judgment. Supreme Court denied the motion and defendants appeal.

We affirm. Landowners in New York owe persons on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). While a court must first determine whether a duty exists, and the scope of any such duty, a jury determines whether and to what extent any particular duty is breached (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]). Without regard to whether plaintiff can, at trial, prove any disability known by defendants, his parents, which would require a heightened sense of caution, we agree with Supreme Court that issues of fact exist concerning whether the ladder was properly positioned and secured and whether it was reasonably foreseeable that plaintiff would descend the ladder while his father was absent from the scene, which must await a jury determination.

Cardona, P.J., Rose and Lahtinen, JJ., concur.

Crew III, J. (dissenting). I respectfully dissent. From the deposition testimony of plaintiff, we know that the ladder in question was in good repair and had no known defects. Further, plaintiff used the ladder in the past without incident. On the day of the accident, we know only that the ladder "kicked out" and plaintiff fell. We do not know what caused the ladder to "kick out," and defendant Larry Marsh, plaintiff's father, can shed no light on the subject because he was not present when plaintiff fell. In short, this record discloses that plaintiff fell from a ladder and nothing more. To suggest that the fall may have been attributable to his parents' negligence is utterly speculative. I would therefore reverse and dismiss the complaint.

Ordered that the order is affirmed, with costs.