# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1438**
**CA 12-01105**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

LEE T. HENDRYX AND SHARON HENDRYX,
PLAINTIFFS-RESPONDENTS,

V                                                   MEMORANDUM AND ORDER

RICHARD M. PAYNE, SUZANNE PAYNE, MARK NOLAN,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.
-----------------------------------------------
RICHARD M. PAYNE, SUZANNE PAYNE AND ENCHANTED
VALLEY RENTALS, LLC, THIRD-PARTY
PLAINTIFFS-RESPONDENTS,

V

MARK NOLAN, THIRD-PARTY DEFENDANT-APPELLANT.

---

BRIAN P. FITZGERALD, P.C., BUFFALO (DEREK J. ROLLER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS RICHARD
M. PAYNE AND SUZANNE PAYNE.

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT MARK NOLAN AND THIRD-PARTY DEFENDANT-APPELLANT.

FRANCIS M. LETRO, BUFFALO (RONALD J. WRIGHT OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal and cross appeal from an order of the Supreme Court,
Cattaraugus County (Gerald J. Whalen, J.), entered December 22, 2011.
The order, among other things, denied in part the motion of
defendants-third-party plaintiffs Richard M. Payne and Suzanne Payne
for summary judgment dismissing the amended complaint against them and
denied the cross motion of defendant-third-party defendant, Mark
Nolan, for summary judgment dismissing the amended complaint and the
third-party complaint against him.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in its entirety
and dismissing the amended complaint against defendants-third-party
plaintiffs Richard M. Payne and Suzanne Payne, and by granting the
cross motion in part and dismissing the amended complaint, as
amplified by the bill of particulars, insofar as it alleges that
defendant-third-party defendant, Mark Nolan, was negligent in failing
to hold the ladder, and as modified the order is affirmed without

costs.

Memorandum:  Plaintiffs commenced this negligence action seeking damages after Lee T. Hendryx (plaintiff) fell from a ladder owned by defendant-third-party defendant, Mark Nolan, on property owned by defendants-third-party plaintiffs Richard M. Payne and Suzanne Payne. We note as background that Nolan was hired by the Paynes to power wash their house, and plaintiff agreed to help Nolan.  Nolan set up the ladder with one set of feet on a cement walkway and the other set on the grass.  The ladder was next to an aluminum awning that extended over the front steps of the house.  As plaintiff climbed the ladder and began using the power washer, Nolan held onto the ladder.  When plaintiff was finished, he handed the wand of the power washer to Nolan, and Nolan let go of the ladder and turned to shut off the power washer.  As plaintiff began to descend the ladder, it "rocked" toward the awning and, when plaintiff attempted to steady himself by grabbing the awning, the right side of the awning detached from the house and plaintiff fell to the ground.  As relevant to this appeal, the Paynes moved for summary judgment dismissing the amended complaint against them and Nolan cross-moved for summary judgment dismissing the amended complaint and the third-party complaint against him.  Supreme Court granted in part and denied in part the motion with respect to the Paynes (hereafter, motion) and denied the cross motion.  The Paynes now appeal, and Nolan cross-appeals.

Addressing first the Paynes' appeal, we agree with them that the court should have granted their motion in its entirety, and we therefore modify the order accordingly.  Plaintiffs alleged that the Paynes were negligent in allowing an unsafe and dangerous condition to exist on their property, i.e., a defective walkway and a defective awning.  With respect to the alleged defective cement walkway, plaintiff testified at his deposition that he was unsure of what caused the ladder to "rock," but he speculated that the walkway "rocked."  The Paynes established as a matter of law that the walkway was not defective, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although there was a gap in the walkway where it abutted the steps, as well as a crack in another part of the walkway, the Paynes submitted evidence establishing that the walkway did not tilt, rock, or move in any way.  In opposition to the motion, plaintiffs' expert opined that the walkway was in "disrepair" as evidenced by the gap and the crack, but never stated that the walkway rocked.

With respect to the alleged defective awning, we agree with the Paynes that plaintiff's use of the awning to attempt to steady himself when the ladder rocked was "a superseding cause of such an extraordinary nature that it was not an occurrence which should have been guarded against in the exercise of reasonable care in maintaining the property in a safe condition" (*Perez v Rodriguez*, 40 AD3d 1062, 1063; *see Freeman v Cobos*, 240 AD2d 698, 699).

Addressing next Nolan's cross appeal, we note that plaintiffs alleged that Nolan was negligent in, inter alia, his placement of the ladder.  In denying the cross motion, the court held that questions of

fact existed with respect to "the set up of the ladder, together with the securing or lack of securing the ladder while plaintiff was upon it on the day of the accident." To the extent that the amended complaint, as amplied by the bill of particulars, alleges that Nolan was negligent in failing to hold the ladder, we conclude that the court erred in denying that part of Nolan's cross motion seeking summary judgment dismissing that claim. We therefore further modify the order accordingly. We agree with Nolan that he did not undertake or breach any duty to hold the ladder after he had first done so (*see Barnes v Sanders*, 269 AD2d 811, 811). Indeed, "no such duty was undertaken or breached . . . [inasmuch as Nolan's] conduct did not place plaintiff 'in a more vulnerable position than he would have been in had [Nolan] never taken any action at all' " (*id.*). We reject Nolan's contention, however, that the court erred in denying his cross motion with respect to the claim that he negligently placed the ladder inasmuch as there is a triable issue in that respect (*cf. Marsh v Marsh*, 45 AD3d 1100, 1101).

Entered:  February 1, 2013                    Frances E. Cafarell
                                             Clerk of the Court