*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                    522513
_____

JOHN C. HALL JR.,

                        Appellant,

        v
                                        MEMORANDUM AND ORDER

QUEENSBURY UNION FREE SCHOOL
    DISTRICT et al.,

                        Respondents.

(And a Third-Party Action.)
_____


Calendar Date:   January 10, 2017

Before:   Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.

                        _____


        Brennan & White, LLP, Queensbury (Joseph R. Brennan of
counsel), for appellant.

        Goldberg Segalla, LLP, Syracuse (Heather Zimmerman of
counsel), for respondents.

                        _____


Clark, J.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered September 30, 2015 in Warren County, which granted
defendants' motion for, among other things, summary judgment
dismissing the complaint.

        Plaintiff is a plumber and pipefitter who was employed by
third-party defendant, Collette Mechanical, Inc., on a heating
renovation project for defendant Queensbury Union Free School
District.  Defendant Turner Construction Company served as the
construction manager for the project.  In the early afternoon of
February 10, 2011, while descending a staircase into the basement

of the building where Collette stored its tools, plaintiff fell and sustained a fracture of his right femur, requiring surgery. Plaintiff thereafter commenced this personal injury action alleging causes of action for, as relevant here, negligence and violations of Labor Law §§ 200 and 241 (6).[1] Defendants answered and, upon completion of discovery, moved for, among other things, summary judgment dismissing the complaint. Supreme Court granted defendants' motion in its entirety, and plaintiff now appeals.

Summary judgment is a drastic remedy that "should not be granted where there is any doubt as to the existence of [triable] issues [of fact], or where the issue is arguable" (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957] [internal quotation marks and citations omitted]). "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]). In the summary judgment stage, evidence is viewed in the light most favorable to the nonmoving party, who is afforded the benefit of every reasonable inference (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015]; McKenna v Reale, 137 AD3d 1533, 1534 [2016]).

"Labor Law § 200 is a 'codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work'" (Gadani v Dormitory Auth. of State of N.Y., 43 AD3d 1218, 1220 [2007], quoting Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; see Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1159 [2015]). Liability for a violation of Labor Law § 200 and common-law negligence arises where, as here, a plaintiff establishes that the underlying injury arose from a dangerous

_____

[1] Plaintiff also alleged a violation of Labor Law § 240, but that claim was subsequently dismissed on consent of the parties.

condition on the work site and the defendant had actual or constructive notice of the condition and failed to remedy it within a reasonable amount of time (see White v Village of Port Chester, 92 AD3d 872, 876 [2012]; Harrington v Fernet, 92 AD3d 1070, 1071 [2012]; Gadani v Dormitory Auth. of State of N.Y., 43 AD3d at 1220).  Relatedly, Labor Law § 241 (6) "imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [1998], quoting Labor Law § 241 [6] [emphasis omitted]; see Copp v City of Elmira, 31 AD3d 899, 899 [2006]).  To prevail on a Labor Law § 241 (6) claim, a plaintiff must demonstrate "'the violation of a regulation setting forth a specific standard of conduct applicable to the working conditions which existed at the time of the injury' and that the violation was the proximate cause of the injury" sustained (Scribner v State of New York, 130 AD3d 1207, 1210 [2015], quoting Lawyer v Hoffman, 275 AD2d 541, 542 [2000] [internal citation omitted]; see Copp v City of Elmira, 31 AD3d at 899).

Here, with respect to his Labor Law § 200 and common-law negligence claims, the hazardous condition alleged by plaintiff was the purported lack, or inadequacy, of lighting in the stairwell where he sustained his injury.  Similarly, plaintiff premised his Labor Law § 241 (6) claim on 22 NYCRR 23-1.30, a regulation codifying the minimum amount of illumination required at construction work sites.

In support of their motion for summary judgment dismissing the complaint, defendants proffered the deposition testimony of Turner's project manager, Collette's foreperson and one of the school's employees in the maintenance and technology department, all of whom responded to the scene shortly after plaintiff sustained the injury and consistently and unequivocally testified that the lights were on and functioning in the stairwell when they arrived.  In addition, they each testified that they did not have any difficulty seeing in the stairwell, and two of the individuals stated that, at the time of the accident, plaintiff was uncertain as to the precise cause of his fall.  Further, the

combined testimony of the responding individuals established that they had not received any prior complaints as to the adequacy of the lighting in the stairwell, that there were no prior reported injuries sustained in the stairwell and that there were no known issues with the existing light fixtures at the top or bottom of the stairs.

Defendants also tendered the deposition testimony of plaintiff, who testified that the light at the top of the stairs was on and that he could see the bottom of the stairs from the top, but that it seemed to get "darker and darker" as he descended. Plaintiff testified that he had traversed the stairs without incident on many prior occasions, including at least two times on the day of the accident, and that the fall could have been caused by "snow blindness" resulting from entering the building from outside. The foregoing testimony of plaintiff and the individuals present at the scene immediately after the accident was sufficient to establish the adequacy of the lighting in the stairwell on the day of the accident and, thus, the absence of the alleged hazardous condition and the alleged violation of 22 NYCRR 23-1.30. Moreover, the proof demonstrated that, even if there were inadequate lighting and a violation of 22 NYCRR 23-1.30, defendants did not have actual or constructive notice of any such condition. Accordingly, defendants established their prima facie entitlement to summary judgment dismissing the complaint (see Remes v 513 W. 26th Realty, LLC, 73 AD3d 665, 666 [2010]).

However, plaintiff raised triable issues of fact in opposition to defendants' motion. In particular, plaintiff submitted the sworn affidavit of a coworker, who asserted that he had descended the stairwell on the morning of the accident and noticed that "the light at the bottom of the stairwell was not working" and that, as a result, he "could not tell when [he] reached the bottom" of the stairs. He averred that "[t]he only light in the bottom area, which was minimal, was from a room beyond the doorway at the bottom of the stairs." In addition, he stated that, on the day before the accident, he observed that there was no light bulb in the light fixture at the bottom of the stairs and that he was able to make such observation because he was performing work on the same wall on which the disputed light

fixture was located. He further stated that the light at the bottom of the stairs had been out for "several months." This evidence, viewed in the light most favorable to plaintiff, presented triable issues of fact as to the sufficiency of the lighting in the stairwell and whether defendants had constructive notice of the alleged inadequate lighting. While the affidavit of plaintiff's coworker was contradicted by other evidence in the record, such contradictions presented credibility determinations, which Supreme Court should have left to be resolved by the trier of fact (see generally Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]).

Defendants raise several alternative grounds for affirmance, which are properly before this Court (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), including that Turner is not liable under Labor Law § 241 (6) because it was not a general contractor, owner or agent of the owner. However, triable issues of fact exist as to whether Turner had supervisory control and authority over job-site safety, given the testimony of Collette's foreperson that he would have brought any safety concerns to the attention of Turner's project manager, as well as an accident report detailing Turner's investigation into the circumstances surrounding plaintiff's fall (see Barrios v City of New York, 75 AD3d 517, 519 [2010]; Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493 [2007]). We have examined defendants' remaining alternative grounds for affirmance and find them to be without merit. Accordingly, Supreme Court should have denied defendants' motion for summary judgment dismissing the complaint.

Garry, J.P., Rose, Devine and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the complaint; motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court