Borelli v JB IV, LLC (2022 NY Slip Op 05900)

Borelli v JB IV, LLC

2022 NY Slip Op 05900

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

533416 533475
[*1]Patrick K. Borelli et al., Respondents-Appellants,
v
JB IV, LLC, et al., Appellants-Respondents.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Rupp Baase Pfalzgraf Cunningham LLC, Buffalo (Cory J. Weber of counsel), for appellants-respondents.
DeFranciso & Falgiatano, LLP, East Syracuse (Jean Marie Westlake of counsel), for respondents-appellants.

Fisher, J.
(1) Appeal from an order of the Supreme Court (Oliver N. Blaise III, J.), entered May 19, 2021 in Broome County, which, among other things, partially denied defendants' motion for summary judgment, and (2) cross appeals from an amended order of said court, entered June 9, 2021 in Broome County, which partially denied defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment.
Plaintiff Patrick K. Borelli was performing exterior painting work at the premises owned by defendant JB IV, LLC and leased to defendant Champz of Binghamton, LLC d/b/a Peterson's Tavern. The work required Borelli to climb a ladder from which he subsequently fell, causing personal injuries. Borelli and his wife, derivatively, commenced this action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and asserting a claim for loss of consortium. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment. Supreme Court ultimately issued an amended order that partially granted defendants' motion for summary judgment by dismissing two regulatory violations within plaintiffs' Labor Law § 241 (6) claim, but otherwise denied both parties' respective motions. These cross appeals ensued.[FN1]
Supreme Court did not err in denying the branch of defendants' motion for summary judgment seeking dismissal of the Labor Law § 200 claim. "Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Hawver v Steele, 204 AD3d 1125, 1126 [3d Dept 2022] [internal quotation marks and citations omitted]). To prevail on their motion for summary judgment, "[d]efendants were . . . required to establish on a prima facie basis that they did not create the dangerous condition that caused [Borelli's] injury, and did not have actual or constructive notice of the condition" (Stewart v ALCOA, Inc., 184 AD3d 1057, 1058 [3d Dept 2020]). Here, Borelli and the tavern manager each blame the other for retrieving the ladder and placing it upside down before Borelli began using it. Defendants also claim that one of their employees tied off the top of the ladder on a second-floor window before Borelli started painting. Borelli disputes that allegation for several reasons, including his assertion that the tavern manager was initially holding the bottom of the ladder for him and walked away without warning. When viewing this evidence in the light most favorable to plaintiffs, defendants did not eliminate all questions of fact regarding whether they created the allegedly dangerous condition of the ladder and had no notice of this condition (see Eherts v Shoprite Supermarkets, Inc., 199 AD3d 1270, 1273 [3d Dept 2021]; Baker v Harrison, 180 AD3d 1210, 1213 [3d Dept 2020]).
Similarly, Supreme Court properly denied the branches of the motion and cross motion related to plaintiffs' [*2]Labor Law § 240 (1) claim. "In order to hold a property owner liable under Labor Law § 240 (1), 'the owner must breach the statutory duty thereunder to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries. These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them'" (Nalepa v South Hill Bus. Campus, LLC, 123 AD3d 1190, 1191 [3d Dept 2014] [ellipses and brackets omitted], lv denied 25 NY3d 909 [2015], quoting Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]). Although it is undisputed that Borelli was subjected to an elevation-related hazard to which the statute applies (see Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 675 [3d Dept 2020]), questions of fact exist as to whether this statute was violated because the parties offer competing information as to who retrieved and set up the ladder that Borelli was using or misusing upside down (see Albert v Williams Lubricants, Inc., 35 AD3d 1115, 1117 [3d Dept 2006]; see also Hendryx v Payne, 103 AD3d 1163, 1165 [4th Dept 2013], lv denied 22 NY3d 852 [2013]; Marsh v Marsh, 45 AD3d 1100, 1101 [3d Dept 2007]), and whether ropes were provided and utilized to secure the ladder into place (see Wood v Baker Bros. Excavating, 205 AD3d 1113, 1114 [3d Dept 2022]; Beardslee v Cornell Univ., 72 AD3d 1371, 1372 [3d Dept 2010]; Deshields v Carey, 69 AD3d 1191, 1193 [3d Dept 2010]). Moreover, even if it was established that defendants secured the ladder with rope, "[w]here an employee has been provided with an elevation-related safety device, it is usually a question of fact as to whether the device provided proper protection" (Silvia v Bow Tie Partners, LLC, 77 AD3d 1143, 1144 [3d Dept 2010]; see Cutaia v Board of Mgrs. of the 160/170 Varick St. Condominium, 38 NY3d 1037, 1039 [2021]; Ortman v Logsdon, 121 AD3d 1388, 1390 [3d Dept 2014]).
Finally, Supreme Court properly partially denied the branch of defendants' summary judgment motion as it relates to plaintiffs' Labor Law § 241 (6) claim. "Labor Law § 241 (6) imposes a nondelegable duty upon owners, contractors and their agents to provide adequate protection and safety for workers and, to establish a claim under this section, a plaintiff must allege that the defendants violated a rule or regulation promulgated by the Commissioner of Labor that sets forth a specific standard of conduct" (Edwards v State Univ. Constr. Fund, 196 AD3d 778, 784 [3d Dept 2021] [internal quotations marks, brackets and citations omitted]). Here, the cause of action alleging a violation of Labor Law § 241 (6) was predicated on a regulation requiring that a ladder be maintained in good condition and free of "a broken member or part" (12 NYCRR 23-1.21 [b] [3] [i]), and that "[a]ll ladder footings shall be firm" and not used on slippery surfaces (see 12 NYCRR 23-1.21 [b] [4] [ii]).[FN2] Defendants' proof as to this claim was limited to Borelli's testimony [*3]that he did not notice any defects in the ladder at the time of its use. However, Borelli also testified that there were no feet at the base of the ladder at that time which, if true, could establish a violation of the Industrial Code (see 12 NYCRR 23-1.21 [b] [3] [i]; [4] [ii]). Therefore, contrary to their contentions, defendants failed to establish, as a matter of law, that those regulations were not violated or that any violation of those regulations was not a substantial factor in causing the accident (see Sochan v Mueller, 162 AD3d 1621, 1624 [4th Dept 2018]).
Lynch, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the amended order is affirmed, without costs.

Footnotes

Footnote 1: As the amended order corrected errors contained in the initial order and supersedes it, defendants' appeal from the original order must be dismissed (see Shea v Signal Hill Rd. LLC, 206 AD3d 1541, 1543 n 2 [3d Dept 2022]).

Footnote 2: Plaintiffs raised two other subsections as Industrial Code violations, which were dismissed by Supreme Court. Plaintiffs do not challenge that finding on appeal.