James v Marini Homes, LLC (2025 NY Slip Op 00132)

James v Marini Homes, LLC

2025 NY Slip Op 00132

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-1822
[*1]Robert James, Plaintiff,
v
Marini Homes, LLC, Appellant.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons and Ceresia, JJ.

Smith Sovik Kendrick & Sugnet, PC, Syracuse (Karen G. Felter of counsel), for appellant.

Aarons, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered September 11, 2023 in Otsego County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff, an employee of D & D Masonry Inc., was injured in 2017 while working at a construction site in a four-foot-deep "dig" excavated for the foundation of a new townhome. Alleging that his injury was caused by a wooden board thrown from ground level by his coworker, also an employee of D & D Masonry, plaintiff commenced this action in 2020 asserting Labor Law §§ 240 (1), 241 (6), 200 (1) and common-law negligence claims against, among others, defendant, which was the general contractor on the project that hired D & D Masonry for the foundation work. Defendant joined issue, discovery ensued, and plaintiff filed a note of issue in February 2023. Defendant thereafter moved for summary judgment dismissing the complaint, which motion plaintiff opposed and cross-moved for summary judgment in his favor. Supreme Court denied both motions, finding plaintiff's proof was insufficient to carry his preliminary summary judgment burden but still raised questions of fact that defeated defendant's prima facie showing of entitlement to dismissal of the complaint. Defendant appeals.[FN1]
"On a motion for summary judgment, the moving party has the burden to establish a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 675 [3d Dept 2020] [internal quotation marks and citations omitted]). Labor Law § 240 (1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124 [2015]). "The special hazards of working at an elevation differential are limited, for purposes of [Labor Law §] 240 (1), to 'such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured' " (Amo v Little Rapids Corp., 268 AD2d 712, 713-14 [3d Dept 2000], amended 275 AD2d 565 [3d Dept 2000], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]).
Here, defendant's proof indicates that the dig was surrounded by an earthen embankment, which plaintiff described as a "ramp" from ground level to the bottom of the dig where he was working. Plaintiff was injured when his coworker, who was about 10 feet away and at ground level, intentionally threw a wooden board in plaintiff's direction while plaintiff was inside the dig (see Roberts v General Elec. Co., 97 NY2d 737, 738 [2002]; Corey v Gorick Constr. Co., 271 AD2d 911, 913 [3d Dept 2000]). Defendant thus demonstrated prima facie entitlement to judgment as a matter of law [*2]by showing that plaintiff was not injured by an "object [that] fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]; see Labor Law § 240 [1]; Begeal v Jackson, 197 AD3d 1418, 1420 [3d Dept 2021]; Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1157 [3d Dept 2015]). "The burden thus shifted to plaintiff to raise a triable issue of fact, which plaintiff failed to do" (Wright v Ellsworth Partners, LLC, 173 AD3d 1409, 1410 [3d Dept 2019], lv denied 34 NY3d 907 [2019]), requiring dismissal of the Labor Law § 240 (1) cause of action.
Next, "[t]o prevail on a Labor Law § 241 (6) claim, a plaintiff must demonstrate the violation of a regulation setting forth a specific standard of conduct applicable to the working conditions which existed at the time of the injury and that the violation was the proximate cause of the injury" (Morin v Heritage Bldrs. Group, LLC, 211 AD3d 1138, 1142 [3d Dept 2022] [internal quotation marks and citations omitted]; see Borelli v JB IV, LLC, 209 AD3d 1121, 1123 [3d Dept 2022]). Although plaintiff alleged numerous violations of regulations promulgated by the Commissioner of Labor, his motion papers narrowed his focus to 12 NYCRR 23-1.7 (a),[FN2] which regulation specifies, in pertinent part, "Every place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with suitable overhead protection" (12 NYCRR 23-1.7 [a] [1]).
Defendant's proof showed that the dig area was not "normally exposed to falling material or objects" (12 NYCRR 23-1.7 [a] [1]), and, in any event, plaintiff was working only four to five feet below grade. Thus, defendant demonstrated the "overhead protection" regulation was not applicable (12 NYCRR 23-1.7 [a] [1]; see Timmons v Barrett Paving Materials, Inc., 83 AD3d 1473, 1475 [4th Dept 2011], lv dismissed & denied 17 NY3d 843 [2011]). Accordingly, defendant met its preliminary burden to show that plaintiff could not recover under Labor Law § 241 (6) as a matter of law (compare Borelli v JB IV, LLC, 209 AD3d at 1124). Plaintiff's proof does not raise an issue of fact on this point, thus dismissal of the Labor Law § 241 (6) claim should have been granted (see McLaughlin v Malone & Tate Builders, Inc., 13 AD3d 859, 861 [3d Dept 2004]).
We reach a different conclusion as to the remaining Labor Law § 200 and common-law negligence claims. "Labor Law § 200 codifies the common-law duty imposed upon general contractors to maintain a safe work site" (Wiley v Marjam Supply Co., Inc., 166 AD3d 1106, 1109 [3d Dept 2018] [internal quotation marks, ellipsis and citations omitted], lv denied 33 NY3d 908 [2019]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which [*3]the work is performed" (Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 1191 [2d Dept 2020] [internal quotation marks and citation omitted]; accord Edwards v State Univ. Constr. Fund, 196 AD3d 778, 780 [3d Dept 2021]). "[W]hen an injury is caused by a dangerous condition at the job site, a showing of control of the place of injury and actual or constructive notice of the unsafe condition is required" to establish liability (Card v Cornell Univ., 117 AD3d 1225, 1226 [3d Dept 2014]). Where the injury derives from an alleged unsafe work practice — in this case, throwing a wooden board from ground level to the subsurface dig — a "general contractor may be held liable only upon a showing of supervisory control and actual or constructive knowledge of the unsafe manner of performance" (Edwards v State Univ. Constr. Fund, 196 AD3d at 781 [internal quotation marks and citation omitted]).
Defendant's proof does not establish entitlement to dismissal of the Labor Law § 200 and common-law negligence claims as a matter of law (see Hawver v Steele, 204 AD3d 1125, 1126 [3d Dept 2022]). Scott Davison, David Davison and Dennis Davison of D & D Masonry each testified that defendant delivered, moved and staged the wooden boards at the construction site. Timothy Gilligan, one of defendant's employees and the project manager, testified that he was at the construction site daily and he had the authority to shut down unsafe work. He further testified that defendant did not provide ramps to move the wooden boards from the ground level down to subsurface work area (cf. 12 NYCRR 23-4.3). Dennis Davison indicated it was D & D Masonry's practice that its employees would throw the boards from ground level to the subsurface level by hand. In addition, David Davison affirmed that Gilligan, as defendant's on-site representative, told D & D Masonry workers what to do each day (compare Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1120 [3d Dept 2016]). Viewing this evidence in the light most favorable to plaintiff as nonmovant (see Borelli v JB IV, LLC, 209 AD3d at 1122), a jury could find that defendant exercised "direct supervision or actual control over the construction site or the work activity bringing about the injury" (Fassett v Wegmans Food Mkts., Inc., 66 AD3d 1274, 1276 [3d Dept 2009]). Accordingly, the summary judgment burden never shifted to plaintiff on those claims, and Supreme Court appropriately declined to dismiss them (see Rought v Price Chopper Operating Co., Inc., 73 AD3d 1414, 1416 [3d Dept 2010]).
Garry, P.J., Egan Jr. and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing the complaint with respect to plaintiff's causes of action pursuant to Labor Law §§ 240 (1) and 241 (6); motion granted and complaint dismissed to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiff did not cross-appeal from the denial of his motion for summary judgment.

Footnote 2: Plaintiff is deemed to have abandoned his reliance on the remaining provisions (see Kempisty v 246 Spring St., LLC, 92 AD3d 474, 475 [1st Dept 2012]), and, regardless, defendant's proof shows that those provisions are insufficient to sustain a Labor Law § 241 (6) action, are inapplicable or were not violated (see 12 NYCRR 23-1.5, 23-1.6, 23-1.7 [b], [c], [d], [e], [f], [g], [h]; 23-1.8, 23-1.32, 23-2.1, 23-3.2, 23-3.3; Trombley v DLC Elec., LLC, 134 AD3d 1343, 1344 [3d Dept 2015]).