■ CHARLES J. BOWLES et al., Appellants, v CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., Respondent. [899 NYS2d 398]—

Cardona, P.J. Appeal from an order of the Supreme Court (Caruso, J.), entered February 25, 2009 in Schenectady County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Schenectady International, Inc. hired defendant to clean certain on-site bulk chemical storage tanks located at one of its facilities in the City of Schenectady, Schenectady County. Pursuant to Schenectady International's safety policies, defendant could not enter or begin cleaning any tank until Schenectady International inspected the air quality in the particular tank and issued a confined space permit.

During the course of the cleaning operation, plaintiff Charles J. Bowles (hereinafter plaintiff), a safety technician employed by Schenectady International, was informed that defendant was ready to begin cleaning a certain tank and that a confined space permit was needed. In order to reach the opening at the top of the tank, plaintiff used a fiberglass ladder that had been propped against that tank* instead of using the ladder affixed to the tank. According to plaintiff, as he reached over to place a meter on the top of the tank, the fiberglass ladder "kicked out" from under him and he fell approximately 10 feet to the floor, sustaining serious injuries.

Plaintiff and his wife, derivatively, commenced this action against defendant alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion and cross-moved for partial summary judgment with respect to their Labor Law § 240 (1) claim. Supreme Court dismissed the complaint, finding that defendant had no authority to supervise or control plaintiff's work and, therefore, could not, as a matter of law, be liable under any theory asserted by plaintiffs.

Initially, we find no error in the dismissal of plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action. In order to be liable under either section, a defendant must be the owner, owner's agent or a contractor (see Labor Law §§ 240, 241). To be found liable as a contractor, a defendant must have been granted the power to enforce safety standards and hire subcontractors (see Milanese v Kellerman, 41 AD3d 1058, 1061 [2007]). Liability premised on a defendant acting as an owner's

---

* Defendant's supervisor admitted in his deposition that he noticed the fiberglass ladder—the ownership of which was never determined—lying on the floor and propped it against the tank in order to eliminate a tripping hazard.

agent requires that the defendant have authority to supervise and control the activity which brought about the injury (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]; *Kindlon v Schoharie Cent. School Dist.*, 66 AD3d 1200, 1201 [2009]).

Here, defendant was hired for the limited purpose of cleaning the tanks. Although defendant had supervisory control over its employees and the manner and method it used to clean the tanks, it could not enter or commence cleaning the tanks until Schenectady International issued a confined space permit. In that regard, Schenectady International required that its safety department personnel, in accordance with its rules and regulations, initially inspect, among other things, the air quality of the tank and issue a confined space permit prior to defendant entering or cleaning the tank. The deposition testimony established that defendant had no authority to control the manner in which Schenectady International performed its confined space inspection nor could defendant enforce safety standards in connection therewith. Rather, plaintiff's deposition testimony established that Schenectady International had the authority to enforce safety standards upon defendant. Inasmuch as the record unequivocally demonstrates that Schenectady International retained control over the manner in which the confined space inspection was conducted, defendant cannot be considered a contractor or an owner's agent to impose liability pursuant to Labor Law §§ 240 and 241.

Similarly, plaintiffs' common-law negligence and Labor Law § 200 claims, premised upon their contention that defendant had a duty to maintain a safe work site, were also properly dismissed. As noted above, defendant was neither an owner nor contractor and had no supervisory control over plaintiff's inspection of the tanks (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Rice v City of Cortland*, 262 AD2d 770, 772-773 [1999]).

In view of the foregoing, we need not address plaintiffs' remaining contentions.

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.