# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**493**
**CA 15-01275**
PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

JAMES M. HELD AND THERESA M. HELD,
PLAINTIFFS,

V                                                    MEMORANDUM AND ORDER

THE PIKE COMPANY, AMTHOR STEEL, INC., AND
CATHOLIC HEALTH SYSTEM, INC., DEFENDANTS.
------------------------------------------
THE PIKE COMPANY, AMTHOR STEEL, INC., AND
CATHOLIC HEALTH SYSTEM, INC., THIRD-PARTY
PLAINTIFFS-RESPONDENTS,

V

CME ASSOCIATES, INC., THIRD-PARTY
DEFENDANT-APPELLANT.

---

THE SOBEL LAW GROUP, HUNTINGTON (CURTIS SOBEL OF COUNSEL), AND
GOERGEN, MANSON & MCCARTHY, BUFFALO, FOR THIRD-PARTY
DEFENDANT-APPELLANT.

PILLINGER MILLER TARALLO, LLP, SYRACUSE (JEFFREY D. SCHULMAN OF
COUNSEL), FOR THIRD-PARTY PLAINTIFFS-RESPONDENTS.

---

        Appeal from a judgment of the Supreme Court, Erie County (Patrick
H. NeMoyer, J.), entered October 10, 2014.  The judgment directed
third-party defendant to pay $1,147,049.14, plus interest, to
third-party plaintiffs.

        It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

        Memorandum:  Plaintiffs commenced this Labor Law and common-law
negligence action seeking damages for injuries sustained by James M.
Held (plaintiff) when he slipped on a steel beam and fell 15 feet to
the ground.  Supreme Court granted plaintiffs' motion for partial
summary judgment on liability under Labor Law § 240 (1) against
defendants-third-party plaintiffs (third-party plaintiffs), who were,
respectively, the owner, the general contractor, and a subcontractor
on the construction project.  Third-party plaintiffs commenced a
third-party action against third-party defendant, CME Associates, Inc.
(CME), seeking contractual and common-law indemnification and
contribution on the ground that CME's negligence in leaving a slippery
substance on the beam caused plaintiff's injuries.  The court granted

plaintiffs' motion to sever the damages-only trial from the third-party action.  Plaintiffs and third-party plaintiffs agreed to submit the issue of damages to the court on papers alone, and the court awarded plaintiffs damages.  After a trial on the third-party action, the court issued a judgment against CME, from which it now appeals.

Contrary to CME's contention, it was not held liable under Labor Law § 240 (1) but, rather, it was held liable for its negligence in causing the accident.  It is well settled that, where an owner or contractor is held liable to a plaintiff pursuant to Labor Law §§ 240 or 241, the owner or contractor may recover, "under familiar common-law principles, full indemnification . . . from the actor who caused the accident (the active tort-feasor), and, where the cause is shared, contribution" (*Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 NY2d 1, 6-7; *see Lapi v Rosewood Home Bldrs.*, 256 AD2d 1008, 1009; *see also Krajnik v Forbes Homes, Inc.*, 120 AD3d 902, 904-905).  Contribution is proper where the culpable parties are subject to liability for damages for the same personal injury, "whether or not the culpable parties are allegedly liable for the injury under the same or different theories" (*Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603).

CME further contends that it was denied the opportunity to litigate the issue of plaintiffs' damages.  We agree with third-party plaintiffs that CME waived that contention by not opposing plaintiffs' motion to sever (*see generally Neckles v VW Credit, Inc.*, 23 AD3d 191, 192; *Graziano v 118-17 Liberty Ave. Mgt. Corp.*, 209 AD2d 582, 583).  We have considered CME's remaining contentions and conclude that they are without merit.

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court