Morin v Heritage Bldrs. Group, LLC (2022 NY Slip Op 06846)

Morin v Heritage Bldrs. Group, LLC

2022 NY Slip Op 06846

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

533628
[*1]Marco Morin, Appellant-Respondent,
v
Heritage Builders Group, LLC, et al., Respondents-Appellants. (And a Third-Party Action.)

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant-respondent.
Napierksi, VanDenburgh, Napierski & O'Connor, LLP, Albany (Thomas J. O'Connor of counsel), for Heritage Builders Group, LLC, respondent-appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio of counsel), for Joseph Dupuis, respondent-appellant.

Pritzker, J.
Cross appeals from an order of the Supreme Court (Dianne N. Freestone, J.), entered June 8, 2021 in Saratoga County, which, among other things, denied plaintiff's motion for summary judgment and partially denied defendants' cross motions for summary judgment dismissing the complaint and cross claims.
In February 2018, plaintiff, a taper employed by third-party defendant Wall-Tech Drywall, LLC, fell and was injured while working at a construction site on the subject property, which was owned by defendant Heritage Builders Group, LLC. As relevant here, Heritage contracted with defendant Joseph Dupuis to install sheetrock at the subject property and Dupuis subcontracted with Wall-Tech to perform taping of the sheetrock at the construction site.
In September 2018, plaintiff commenced this action alleging that, among other things, his injuries resulted from defendants' failure to comply with Labor Law §§ 240 (1) and 241 (6). Thereafter, Heritage answered and raised, among other things, cross claims for indemnification against Dupuis. Dupuis answered the complaint and cross-claimed against Heritage. Dupuis also filed a third-party complaint seeking indemnification from Wall-Tech. Supreme Court granted Dupuis' motion for a default judgment against Wall-Tech for indemnification for damages due to Wall-Tech's failure to appear or answer. Following joinder of issue and discovery, plaintiff moved for partial summary judgment against defendants as to the Labor Law §§ 240 (1) and 241 (6) causes of action. Thereafter, Heritage moved for summary judgment on its cross claims for indemnification against Dupuis. Dupuis cross-moved for summary judgment dismissing plaintiff's complaint and the cross claims brought by Heritage. Heritage then also cross-moved for summary judgment dismissing plaintiff's complaint. Supreme Court denied plaintiff's and defendants' motions for summary judgment as to the Labor Law § 240 (1) claim, finding that the parties' conflicting expert opinions created triable issues of fact. The court granted defendants' cross motions for summary judgment dismissing the Labor Law § 241 (6) claim and denied as premature Heritage's motion for summary judgment as to its cross claims for indemnification against Dupuis. These cross appeals ensued.
Plaintiff contends that Supreme Court improperly dismissed his motion for summary judgment as to the Labor Law § 240 (1) claim. As relevant here, Labor Law § 240 (1) states that "[a]ll contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding . . . and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]). Liability under this statute "arises when a worker's injuries are the direct consequence of a failure to provide adequate [*2]protection against a risk arising from a physically significant elevation differential" (Begeal v Jackson, 197 AD3d 1418, 1418 [3d Dept 2021] [internal quotation marks and citations omitted]; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]). "Thus, to prevail on a motion for summary judgment for a Labor Law § 240 (1) claim, a plaintiff bears the burden of showing, as a matter of law, that the statute was violated and that the violation was the proximate cause of his or her injuries" (Begeal v Jackson, 197 AD3d at 1419). "Showing potential comparative negligence by the [plaintiff] does not avoid summary judgment. A defendant can, however, raise a factual issue by presenting evidence that the device furnished was adequate and properly placed and that the conduct of the [plaintiff] may be the sole proximate cause of his or her injuries" (Portes v New York State Thruway Auth., 112 AD3d 1049, 1050 [3d Dept 2013] [internal citations, quotation marks and brackets omitted], lv dismissed 22 NY3d 1167 [2014]; see Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [3d Dept 2007]).
In support of his motion, plaintiff submitted, among other things, plaintiff's deposition transcript, Dupuis' deposition transcript, plaintiff's affidavit and an expert affidavit by Eugene Camerota, a registered professional engineer. During his deposition, plaintiff testified that to tape in the kitchen/dining area at the subject property, which had a cathedral ceiling, he needed scaffolding, which he obtained from Dupuis' other job site. He explained that he began taping at the far edge of the ceiling and moved two to three times with the scaffold to cover the ceiling, section by section. He testified that after moving the scaffold a few times, he ran a plank from the scaffold to the windowsill so that he could run one piece of tape across the entire room. He was walking on the plank before falling. Significantly, in his affidavit, plaintiff explained that it is necessary to run one piece of tape across the entire room to avoid "tell ta[le] marks where the ends of the tape overlap[]" and "unacceptable flaws." Plaintiff stated that this method is how he performed his work throughout his professional career and "how all professional tapers work."[FN1] Plaintiff's expert, Camerota, opined that this continuous single sweep method is preferable because stopping and starting in different sections often results in an "unacceptable wavy line" and creates "tell-tale lines." Camerota also opined that scaffolding was the only appropriate safety device to use in this job and that one section of scaffolding was "insufficient to perform the work of taping the long seams in the ceiling in a professional manner which calls for the various steps to each be done in one continuous sweep." He further stated that the failure to provide plaintiff with sufficient scaffolding was "a substantial factor in causing the collapse of the stretch plank and resultant injuries." The[*3]"foregoing evidence was sufficient to establish on a prima facie basis that plaintiff's injury arose from an elevation-related hazard, that defendant[s] failed to provide adequate safety devices, and that the failure proximately caused" plaintiff's injuries (Kropp v Town of Shandaken, 91 AD3d 1087, 1088 [3d Dept 2012]; see Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 677 [3d Dept 2020]).
In support of its own motion, and in response to plaintiff's motion, Dupuis submitted, among other things, an expert affidavit by John Coniglio, a safety professional, Dupuis' affidavit and an expert affidavit by Ernest Gailor, a licensed professional engineer. Coniglio, who detailed his experience with "drywall construction and job set up," disagreed with plaintiff's contention that his method of taping was necessary and instead opined that the scaffold could have been moved along the tape line "without any detriment to quality of the work being performed." He stated that using one line of tape as plaintiff did was "simply an issue of preference and perhaps convenience." He opined that plaintiff's injury was caused by plaintiff himself and could have been avoided if he had used the available scaffold properly.[FN2] Although plaintiff takes issue with Coniglio's qualifications, "these purported shortcomings go to the weight, and not the admissibility, of the opinion evidence" (LaScala v QVC, 201 AD3d 798, 801 [2d Dept 2022]; see Specfin Mgt. LLC v Elhadidy, 201 AD3d 31, 38 [3d Dept 2021]). Given that Coniglio's affidavit raised a question of fact as to whether plaintiff was the sole proximate cause of his injuries and whether Labor Law § 240 (1) was violated, inasmuch as it is disputed whether one scaffold was sufficient to perform the job, defendants rebutted plaintiff's prima facie case (see Petticrew v St. Lawrence Cement, Inc., 57 AD3d 1266, 1268 [3d Dept 2008]; Canino v Electronic Tech. Co., 28 AD3d 932, 933-934 [3d Dept 2006]). As such, Supreme Court properly denied plaintiff's motion for summary judgment as to this cause of action. For these same reasons, Supreme Court properly denied defendants' cross motions for summary judgment as to Labor Law § 240 (1).
Contrary to plaintiff's contention, we also find that Supreme Court properly partially granted defendants' cross motions by dismissing plaintiff's Labor Law § 241 (6) cause of action. "To prevail on a Labor Law § 241 (6) claim, a plaintiff must demonstrate the violation of a regulation setting forth a specific standard of conduct applicable to the working conditions which existed at the time of the injury and that the violation was the proximate cause of the injury" (Hall v Queensbury Union Free Sch. Dist., 147 AD3d 1249, 1251 [3d Dept 2017] [internal quotation marks and citations omitted]; see Edwards v State Univ. Constr. Fund, 196 AD3d 778, 785 n 7 [3d Dept 2021]). Here, plaintiff relies on 12 NYCRR 23-5.22 [c], which provides that, "[w]henever stilts are used, scaffolds commonly used and appropriate [*4]for wallboard construction and which are in compliance with [Industrial Code Rule No. 23 relating to protection in construction, demolition and excavation operations] shall be provided at all times such work is being performed. Such scaffolds shall be readily available for any person performing such work who may elect to use such scaffold." However, there is no dispute that, when he was injured, plaintiff was not using stilts; as such, plaintiff's Labor Law § 241 (6) cause of action must fail as the Industrial Code explicitly contemplates the use of stilts (see 12 NYCRR 23-5.22 [c]).[FN3] Plaintiff's remaining arguments have been rendered academic.
Finally, we turn to Heritage's contention that Supreme Court erred in denying its motion for indemnification from Dupuis as premature. In general, "[i]ndemnification is the right of one party to shift the entire loss to another and may be based upon an express contract or an implied obligation. The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (Genesee/Wyoming YMCA v Bovis Lend Lease LMB, Inc., 98 AD3d 1242, 1244 [4th Dept 2012] [internal quotation marks, brackets and citations omitted]; accord Lamela v Verticon, Ltd., 185 AD3d 1319, 1321-1322 [3d Dept 2020]). "Common-law indemnification is generally available 'in favor of one who is held responsible solely by operation of law because of his [or her] relation to the actual wrongdoer'" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011], quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]). "In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident" (Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 981 [2d Dept 2021] [internal quotation marks and citation omitted]; see Hackert v Emmanuel Cong. United Church of Christ, 130 AD3d 1292, 1295 [3d Dept 2015]).
Here, there has not been a finding that Dupuis was liable and, indeed, Heritage has argued that plaintiff was the sole proximate cause. Additionally, there is no evidence to suggest that Dupuis either supervised, controlled or directed plaintiff's work. To the contrary, in an affidavit, Dupuis stated that, "[a]lthough I had hired [plaintiff] to do taping in other similar residences with cathedral ceilings, I do not know how he performed the work other than that I loaned him my scaffold or ladders when requested." Moreover, Dupuis averred that he was not in the same room after plaintiff set up his equipment on the job at issue or any other job. Therefore, even if Dupuis were to be found liable, that does not necessarily mean that he was actively at fault. Dupuis, like Heritage, could be found to be only statutorily liable, particularly given that plaintiff withdrew his common-law negligence and Labor Law § 200 causes [*5]of action before Supreme Court. As such, Heritage's motion for summary judgment on its common-law indemnification cause of action was properly denied as premature (see Pena v Intergate Manhattan LLC, 194 AD3d 576, 578 [1st Dept 2021]; Wensley v Argonox Constr. Corp., 228 AD2d 823, 825 [3d Dept 1996], lv dismissed 89 NY2d 861 [1996]).
Supreme Court also properly denied Heritage's summary judgment motion as to its claim for contractual indemnification from Dupuis. "A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987] [internal quotation marks and citations omitted]; see Emerson v KPH Healthcare Servs., Inc., 203 AD3d 1272, 1273 [3d Dept 2022]). Here, issues of fact exist as to the parties' intention due in part to ambiguities as to the effective dates of application of the contractual indemnification clauses in the written agreements relative to the date of the accident in February 2018. More particularly, questions of fact exist as to which of three signed agreements would control, if any. To that end, Heritage submitted signed agreements between Heritage and Dupuis which include a contractual indemnification provision for the years 2016, 2017 and 2018. However, in his deposition errata sheet, Dupuis disputes that the 2018 agreement was signed and executed prior to the accident. As such, because Supreme Court had the inherent power to permit this change in Dupuis' deposition testimony, the disputed facts as to what agreement may control preclude summary judgment as to contractual indemnification (see Keenan v Munday, 79 AD3d 1415, 1417 [3d Dept 2010]). Moreover, if the 2018 agreement was signed after the accident, retroactivity will not be necessarily implied (see Jeda Capital-56, LLC v Village of Potsdam, 198 AD3d 1211, 1217 [3d Dept 2021], lv denied 38 NY3d 902 [2022]; Cacanoski v 35 Cedar Place Assoc., LLC, 147 AD3d 810, 813 [2d Dept 2017]), nor are the parties' prior dealings significantly helpful in ascertaining their intent. Given these material issues of fact, Supreme Court properly denied Heritage's motion for contractual indemnification as premature (see Piccirillo v Beltrone-Turner, 284 AD2d 854, 856-857 [3d Dept 2001]).
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Indeed, Dupuis, at his deposition, testified that plaintiff is a good taper.

Footnote 2: Contrary to plaintiff's assertions, we do not find Coniglio's opinion to be conclusory (compare Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 [1991]).

Footnote 3: We do not find it relevant that plaintiff was using stilts when taping a different wall on a different floor of the house.