Barnhardt v Richard G. Rosetti, LLC (2023 NY Slip Op 02574)

Barnhardt v Richard G. Rosetti, LLC

2023 NY Slip Op 02574

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

535789 
[*1]Robert Barnhardt, Appellant,
v
Richard G. Rosetti, LLC, et al., Respondents.

Calendar Date:March 30, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Finkelstein & Partners, LLP, Newburgh (Andrew L. Spitz of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Edwin J. Tobin Jr. of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Mark L. Powers, J.), entered June 10, 2022 in Schenectady County, which denied plaintiff's motion for partial summary judgment.
Plaintiff, a self-employed contractor, was hired by John Harrell, the owner of defendant Next Level Detailing, LLC, to install surveillance cameras in the ceiling of an office that Harrell rented in a commercial garage owned by defendant Richard G. Rosetti, LLC. During the installation, plaintiff fell from his ladder and sustained multiple injuries. Plaintiff thereafter commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241 (6). Following joinder of issue, plaintiff moved for partial summary judgment on the issue of liability with respect to his Labor Law § 240 cause of action on the basis that defendants had a nondelegable duty as the property owner — with respect to Richard G. Rosetti, LLC — and the tenant — with respect to Next Level — to ensure plaintiff's safety. Defendants opposed the motion and maintained that they complied with all statutory and regulatory mandates and, nevertheless, asserted that plaintiff's own behavior was the sole proximate cause of his injuries. Supreme Court denied plaintiff's motion, and he appeals.
"Pursuant to Labor Law § 240 (1), contractors and owners are required to provide adequate safety devices — such as scaffolding or ladders — to afford proper protection against elevation-related hazards" (DeGraff v Colontonio, 202 AD3d 1297, 1299 [3d Dept 2022] [internal quotation marks and citations omitted]; see Morin v Heritage Bldrs. Group, LLC, 211 AD3d 1138, 1140 [3d Dept 2022]). "The statute imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). To prevail on a summary judgment motion for a Labor Law § 240 (1) claim, "the plaintiff [must] show that the statute was violated and that the violation proximately caused his [or her] injury" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; see Begeal v Jackson, 197 AD3d 1418, 1419 [3d Dept 2021]; Cioffi v Target Corp., 188 AD3d 788, 791 [2d Dept 2020]).[FN1] "A defendant can, however, raise a factual issue by presenting evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his or her injuries" (Morin v Heritage Bldrs. Group, LLC, 211 AD3d at 1140 [internal quotation marks, brackets and citations omitted]; see Bennett v Savage, 192 AD3d 1243, 1244 [3d Dept 2021]).
At his deposition, plaintiff recalled that, on the day of the accident, he brought his own 20-foot extension ladder to the job site and, in commencing the work, placed the ladder 2½ to 3 feet out against the exterior office wall and adjusted the height to approximately 10 feet[*2]. Plaintiff examined Harrell's office and ascended and descended the ladder seven to nine times to locate the preexisting electrical lines and did not recall having any concerns about the safety of the ladder. Moreover, the ladder had rubber feet on the bottom, which plaintiff agreed provided sufficient grip or traction on the concrete floor of the office. Plaintiff testified that, immediately preceding his fall, he stepped onto the ladder to descend from the roof of the office, putting his left foot on first and both hands on the top of the ladder. According to plaintiff, upon placing his second foot on the ladder rung, the bottom of the ladder "started to give away" and "[t]he feet started sliding out." Plaintiff indicated that the ladder then fell "straight down," although he did not recall where or how he landed. There is no dispute that the fall was unwitnessed. Plaintiff also submitted an affidavit of Fredrick G. Bremer, a registered architect, who opined that defendants should have secured the base and top of the ladder or, alternatively, had a person hold the ladder and that such measures would have prevented the ladder "from 'kicking right,' slipping, or becoming unstable while in use."
We have "repeatedly held that when a worker injured in a fall was provided with an elevation-related safety device, the question of whether that device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its function of supporting the worker and his or her materials" (Briggs v Halterman, 267 AD2d 753, 754-755 [3d Dept 1999]). As the foregoing evidence establishes an unexplained collapse of the ladder that plaintiff was using to reach the elevated work area, plaintiff met his prima facie burden via his entitlement to the "presumption that the ladder . . . was not good enough to afford proper protection," thus shifting the burden to defendants to establish a triable issue of fact "that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; see Bennett v Savage, 192 AD3d at 1244; Jara v Costco Wholesale Corp., 178 AD3d 687, 690 [2d Dept 2019]; Dowling v McCloskey Community Servs. Corp., 45 AD3d 1232, 1233 [3d Dept 2007]; Gilbert v Albany Med. Ctr., 9 AD3d 643, 644 [3d Dept 2004]).
Turning first to the adequacy of protection, it is our view that defendants failed to meet their burden to present a triable issue of fact. In this respect, there is no dispute that plaintiff used his own equipment, which does not preclude liability under Labor Law § 240 (1) (see Smith v 499 Fashion Tower, LLC, 38 AD3d 523, 525 [2d Dept 2007]; Harmon v Sager, 106 AD2d 704, 705 [3d Dept 1984]; Larson v Herald, 96 AD2d 1137, 1137 [4th Dept 1983]). The testimony as to [*3]the ladder's functionality at the time of the accident does not aid defendants, as there is no dispute "that no one was holding the ladder from which plaintiff fell when it suddenly shifted or wobbled, and that no safety devices were provided to prevent the ladder from slipping or plaintiff from falling if it did" (Picano v Rockefeller Ctr. N., Inc., 68 AD3d 425, 425 [1st Dept 2009]; see Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]; Begeal v Jackson, 197 AD3d at 1419). Nor is there some indication that plaintiff was recalcitrant in deliberately refusing available safety devices, as Harrell's testimony concerning the existence of a rope somewhere in the warehouse is insufficient to establish that such equipment was "available, visible and in place at the worksite" (Kouros v State of New York, 288 AD2d 566, 567 [3d Dept 2001]; see Borelli v JB IV, LLC, 209 AD3d 1121, 1123 [3d Dept 2022]; Hogan v 590 Madison Ave., LLC, 194 AD3d 570, 571 [1st Dept 2021]; Tennant v Curcio, 237 AD2d 733, 735 [3d Dept 1997]; compare Beardslee v Cornell Univ., 72 AD3d 1371, 1372 [3d Dept 2010]).
Further, we find that the proof does not establish that plaintiff was solely at fault for his fall. Defendants' reliance on plaintiff's vertigo as a cause for the fall requires pure speculation (see Nudi v Schmidt, 63 AD3d 1474, 1476-1477 [3d Dept 2009]; Williams v General Elec. Co., 8 AD3d 866, 867-868 [3d Dept 2004]; Saldana v Saratoga Realty Assoc. Ltd. Partnership, 235 AD2d 744, 745 [3d Dept 1997]). Similarly speculative is the implication that plaintiff fell prior to mounting the ladder, deduced from Harrell's observation that the ladder was on top of plaintiff after the fall, particularly in the absence of any evidence rebutting plaintiff's testimony that the ladder slipped out from under him and that he had two feet on the ladder when it began to slide (see Kebe v Greenpoint-Goldman Corp., 150 AD3d 453, 454 [1st Dept 2017]; see also Rom v Eurostruct, Inc., 158 AD3d 570, 570 [1st Dept 2018]; Hall v Conway, 241 AD2d 592, 593 [3d Dept 1997]; Place v Grand Union Co., 184 AD2d 817, 817 [3d Dept 1992]). Moreover, these facts merely suggest some comparative fault on plaintiff's part, which is insufficient to create an issue of fact and avoid summary judgment on a Labor Law § 240 (1) claim (see Begeal v Jackson, 197 AD3d at 1420; Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 730 [2d Dept 2020]; Portes v New York State Thruway Auth., 112 AD3d 1049, 1051 [3d Dept 2013], lv dismissed 22 NY3d 1167 [2014]; Morin v Machnick Bldrs., 4 AD3d 668, 670 [3d Dept 2004]).
Finally, as to defendants' expert proof, Ernest Gailor, a licensed professional engineer, opined, in sum and substance, that the Industrial Code (see 12 NYCRR § 23-1.21 [b] [4] [iv]) did not require the use of a rope to secure the ladder in light of the height at which the ladder was extended. However, whether a rope was necessary under the relevant regulations is not dispositive to plaintiff's [*4]Labor Law § 240 (1) claim, as the height at which defendant was working, regardless of the length of the ladder, created an elevation risk under the ambit of the statute (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]; compare D'Ambruoso v Port Auth. of N.Y. & N.J., 211 AD3d 573, 573 [1st Dept 2022]). In this respect, the violation of the applicable regulation would instead be pertinent to plaintiff's Labor Law § 241 (6) claim, which is not the basis of plaintiff's motion (see Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc., 118 AD3d 524, 526 [1st Dept 2014]; compare Deshields v Carey, 69 AD3d 1191, 1194 [3d Dept 2010]). Moreover, we find that Gailor's affidavit fails to directly address the competing assertion that further support of the ladder would have prevented plaintiff's fall (see generally Pinzon v Royal Charter Properties, Inc., 211 AD3d at 443; compare O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d 27, 33 [2017]). The explanation Gailor provides for plaintiff's fall — specifically, plaintiff's failure to perform the "delicate balance and weight transfer" required to transition to the ladder from the elevated surface — is precisely the type of risk "related to the effects of gravity where protective devices are called for because of a difference between the elevation level of the required work and a lower level" as contemplated under Labor Law § 240 (1) (Gordon v Eastern Ry. Supply, 82 NY2d 555, 561 [1993] [internal quotation marks, ellipsis and citation omitted]; see Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 916 [1999]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Altogether, we find that defendants failed to raise a triable issue of fact as to whether they provided adequate safety devices or that plaintiff was the sole proximate cause of his fall and, therefore, Supreme Court should have granted plaintiff's motion (see Bennett v Savage, 192 AD3d at 1245; Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 677-678 [3d Dept 2020]; Ordonez v C.G. Plumbing Supply Corp., 83 AD3d 1021, 1022 [2d Dept 2011]).
Garry, P.J., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and plaintiff's motion for partial summary judgment on the issue of liability with regard to his Labor Law § 240 (1) claim is granted.

Footnotes

Footnote 1: The parties do not dispute that plaintiff's installation of wiring for the security cameras on the roof of the office space was a protected activity under Labor Law § 240 (1) (see Weininger v Hagedorn & Co., 91 NY2d 958, 959-960 [1998]).