Wheat v Town of Forestburgh (2024 NY Slip Op 00346)

Wheat v Town of Forestburgh

2024 NY Slip Op 00346

Decided on January 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 25, 2024

CV-23-0916
[*1]Len Wheat et al., Respondents-Appellants,
v
Town of Forestburgh, Appellant- Respondent.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Drake Loeb PLLC, New Windsor (Brendan T. Fitzpatrick of Gerber Ciano Kelly Brady LLP, Garden City, of counsel), for appellant-respondent.
Clark, Gagliardi & Miller, PC, White Plains (John S. Rand of counsel), for respondents-appellants.

Pritzker, J.
Cross-appeals from an order of the Supreme Court (David M. Gandin, J.), entered May 9, 2023 in Sullivan County, which (1) partially denied defendant's motion for summary judgment dismissing the complaint, and (2) denied plaintiffs' cross-motion for partial summary judgment.
In 2021, plaintiff Len Wheat was hired by Joseph A. Ruggeri Jr., defendant's highway superintendent, to repair damage to a salt shed located at the Highway Department. It was agreed that work would commence on February 4, 2021. On February 3, 2021, Wheat contacted Ruggeri to ask whether he could have a rented Genie lift delivered that afternoon and whether he could drop off his equipment trailer. That evening, after dropping off the trailer, Wheat utilized the lift to take measurements of the shed so he could purchase materials needed for the repair. After completing his measurements, he was driving the lift to park next to the side of the shed so that it was out of the way in the event trucks came in overnight needing salt. While doing so, he drove the lift off the edge of a loading dock that is elevated approximately 40 inches above the ground below and was thrown off of the lift, sustaining various injuries. Wheat and his spouse, derivatively, commenced this action alleging, as relevant here, violations of Labor Law §§ 200, 240 (1) and 241 (6) and common-law negligence.[FN1]
Following joinder of issue, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on their Labor Law §§ 240 (1) and 241 (6) claims. Supreme Court partially granted defendant's summary judgment motion by dismissing plaintiffs' Labor Law § 241 (6) claim, but otherwise denied the motions finding issues of fact. Defendant appeals and plaintiffs cross-appeal.[FN2]

We turn first to plaintiffs' cross-appeal from Supreme Court's denial of their cross-motion for summary judgment as to the Labor Law § 240 (1) claim. "Labor Law § 240 (1) states that all contractors and owners and their agents in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Morin v Heritage Bldrs. Group, LLC, 211 AD3d 1138, 1140 [3d Dept 2022] [internal quotation marks, brackets, ellipses and citation omitted]; see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]). "[L]iability under [this statute] arises when a worker's injuries are the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Wood v Baker Bros. Excavating, 205 AD3d 1113, 1114 [3d Dept 2022] [internal quotation marks and citations omitted]; see DeGraff v Colontonio, 202 AD3d 1297, 1299 [3d Dept 2022], lv dismissed 39 NY3d 1150 [2023]). "The statute [*2]is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed, and should be construed with a commonsense approach to the realities of the workplace at issue" (Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 979-980 [2d Dept 2021] [internal quotation marks and citations omitted]; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 101 [2015]). "To this end, the safety devices prescribed by Labor Law § 240 (1) 'are for the use or protection of persons in gaining access to or working at sites where elevation poses a risk' " (Crutch v 421 Kent Dev., LLC, 192 AD3d at 979-980 [citations omitted], quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]).
"To prevail on a summary judgment motion for a Labor Law § 240 (1) claim, the plaintiff must show that the statute was violated and that the violation proximately caused his or her injury. A defendant can, however, raise a factual issue by presenting evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his or her injuries" (Barnhardt v Richard G. Rosetti, LLC, 216 AD3d 1295, 1296-1297 [3d Dept 2023] [internal quotation marks, brackets, footnote and citations omitted], lv dismissed 40 NY3d 1005 [2023]; see Wood v Baker Bros. Excavating, 205 AD3d at 1114). In support of their cross-motion and in opposition to defendant's motion, plaintiffs submitted, among other things, the deposition testimony of Wheat and Ruggeri as well as an affidavit from Robert T. Fuchs, a licensed professional engineer. These submissions demonstrated that, after completing measurements in preparation to begin repairs on the shed the next day, Wheat drove the lift off of the loading dock because he was unable to see the edge of the dock that was elevated above the ground. There is no dispute that there were no safety devices marking the edge of the loading dock or preventing workers from falling off of it.[FN3] Although defendant asserts to the contrary, plaintiffs' Labor Law § 240 (1) claim is not premised on any failure of the Genie lift; rather it is based upon the absence of any safety devices guarding or blocking the loading dock. In fact, in Fuchs' affidavit he ultimately determined that the lack of safety measures taken, or protections put into place, to address the inherent hazard posed by the difference in elevation of the loading dock was the proximate cause of the accident. Given the foregoing, plaintiffs met their prima facie burden by demonstrating that the statute was violated and that the violation proximately caused Wheat's injury, thus shifting the burden to defendant (see Dos Santos v State of New York, 169 AD3d 1328, 1329 [3d Dept 2019]; Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [3d Dept 2007]).
In opposition to plaintiffs' cross-motion, defendant submitted, among other things, excerpts of Wheat's and Ruggeri's deposition testimony, photographs of the scene [*3]on February 3, 2021, as well an affidavit by Joseph B. Sala, an experimental psychologist. Ruggeri testified that although he gave Wheat permission to have the lift delivered and to drop off his equipment trailer, he did not give him permission to take measurements or commence work. The excerpts of Wheat's deposition testimony revealed that Wheat did not specifically inspect the area where he drove the lift. Wheat testified that, although it was dusk, the remaining daylight combined with lighting on the interior and exterior of the shed was sufficient for him to see. He also explained that there was snow on the ground, but that there was a plowed path going to the area where he was going to park the lift. Further, Sala averred that there were markings that outlined the loading dock area along with a vertical pillar partially painted in red and that the color and textures of the surface of the loading dock are distinct from the dirt and gravel road below it. Sala alleges that "no additional or alternative posting or marking was necessary for a reasonably alert and attentive person within the incident area to perceive and appreciate the elevation change associated with the loading dock." Sala concludes that Wheat's fall was a result of his "failure to sufficiently attend to and/or properly assess, appreciate, and incorporate the available visual information to avoid movement errors."
Given the foregoing, we find that defendant met its burden and rebutted plaintiffs' prima facie showing by raising questions of fact precluding summary judgment. First, there is a question of fact as to whether Wheat, on February 3, 2021, was a statutory employee entitled to protection under Labor Law § 240 (1) given that it was agreed by the parties that the repair work would not commence until the next day. Under the Labor Law, a person is employed if they are "permitted or suffered to work" (Labor Law § 2 [7]). As such, there is a material issue of fact as to whether Wheat was employed by defendant on February 3 (see generally Hoyos v NY-1095 Ave. of the Ams., LLC, 156 AD3d 491, 493 [1st Dept 2017]; Crutch v 421 Kent Dev., LLC, 192 AD3d at 980; Sequin v Massena Aluminum Recovery Co., 229 AD2d 839, 839 [3d Dept 1996]).
Additionally, in both its motion for summary judgment and its opposition to plaintiffs' cross-motion, defendant sought to establish that Wheat's failure to inspect the area was the sole proximate cause of his injuries, citing primarily to Sala's affidavit wherein he opines that Wheat's failure to assess the area was the proximate cause of his injuries. However, this argument "merely raise[s] a question as to [Wheat's] comparative negligence, which will not relieve defendant[ ] from liability" (Begeal v Jackson, 197 AD3d 1418, 1420 [3d Dept 2021]; see Morin v Heritage Bldrs. Group, LLC, 211 AD3d at 1141-1142). Similarly, to the extent preserved, we are unpersuaded by defendant's argument that liability cannot be imposed pursuant to Labor Law § 240 (1[*4]) because Wheat had completed taking measurements and was merely moving the lift elsewhere on the worksite. "This distinction, based upon rigid definitions of what it means to be 'on the job' or 'on a job site' ignores the reality of what construction workers employed on projects . . . face" (Hoyos v NY-1095 Ave. of the Ams., LLC, 156 AD3d at 494). Therefore, if the loading dock from which Wheat fell "is included under those parts [of the worksite] which must be accessed by a worker to do his . . . job" (Crutch v 421 Kent Development, LLC, 192 AD3d at 980 [internal quotation marks and citation omitted]), Wheat is entitled to the protections of Labor Law § 240 (1) (see Liu v Whitestar Consulting & Contr., Inc., 219 AD3d 1249, 1250 [1st Dept 2023]; Crutch v 421 Kent Development, LLC, 192 AD3d at 980; Hoyos v NY-1095 Ave. of the Ams., LLC, 156 AD3d 494).[FN4] We are similarly unpersuaded by defendant's argument that Wheat is not covered by Labor Law § 240 (1) because he was taking measurements, which is not an enumerated activity under Labor Law § 240 (1). The evidence demonstrates that Wheat conducting measurements was a preliminary part of the repair project for which he was hired (see Gowans v Otis Marshall Farms, Inc., 85 AD3d 1704, 1705 [4th Dept 2011]; Mannes v Kamber Mgt., 284 AD2d 310, 310 [2d Dept 2001], lv dismissed 97 NY2d 638 [2001]). Accordingly, Supreme Court properly denied plaintiffs' cross-motion for summary judgment as to this cause of action. Due to these questions of fact, we also find that Supreme Court properly denied defendant's motion for summary judgment.
We turn now to defendant's contention that Supreme Court erred in denying its motion for summary judgment as to the claim for common-law negligence. "[T]o establish prima facie entitlement to summary judgment dismissing the complaint, a property owner bears the burden of demonstrating that it maintained the premises in a reasonably safe condition and that it neither created nor had actual or constructive notice of the allegedly dangerous condition" (Mulligan v R & D Props. of N.Y. Inc., 162 AD3d 1301, 1301 [3d Dept 2018]; see Acton v 1906 Rest. Corp., 147 AD3d 1277, 1278 [3d Dept 2017]). "[C]onstructive notice may be established by showing that the condition was apparent, visible and existed for a sufficient time prior to the accident so as to allow the defendant to discover and remedy the problem" (Carter v State of New York, 119 AD3d 1198, 1199 [3d Dept 2014] [internal quotation marks, brackets and citation omitted]; see Ellis v Lansingburgh Cent. Sch. Dist., 163 AD3d 1146, 1147 [3d Dept 2018]). In light of defendant's submissions demonstrating that the loading dock existed in this allegedly dangerous condition for a length of time prior to Wheat's accident, defendant failed to establish prima facie that it did not have constructive notice of the allegedly dangerous condition presented by the loading dock (see Carter v State of New York, 119 AD3d at 1199). Moreover, whether or [*5]not the loading dock constituted a dangerous condition is a question for a jury given that there is not "only a single inference [that] can be drawn from the undisputed facts" (Ellis v Lansingburgh Cent. Sch. Dist., 163 AD3d at 1148 [internal quotation marks and citations omitted]; see generally Greblewski v Strong Health MCO, LLC, 161 AD3d 1336, 1336 [3d Dept 2018]). As such, Supreme Court did not err in denying defendant's motion for summary judgment as to the common-law negligence cause of action. We have examined the parties' remaining contentions and find them to be without merit.
Finally, defendant asks this Court to dismiss plaintiffs' Labor Law § 200 claim, given that plaintiffs have previously withdrawn it but Supreme Court did not include this in the order on appeal. Inasmuch as plaintiffs do not oppose this request, we modify the order accordingly.
Egan Jr., J.P., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by dismissing plaintiffs' Labor Law § 200 cause of action, and, as so modified, affirmed.

Footnotes

Footnote 1:Plaintiffs subsequently withdrew their Labor Law § 200 claim.

Footnote 2:By not addressing Supreme Court's dismissal of their Labor Law § 241 (6) cause of action in their brief, plaintiffs have abandoned this issue (see O'Keefe v Barra, 215 AD3d 1039, 1071 n [3d Dept 2023], lv denied 40 NY3d 908 [2023]).

Footnote 3:

Footnote 4: