Nusbaum v 1455 Wash. Ave., LLC. (2025 NY Slip Op 04289)

Nusbaum v 1455 Wash. Ave., LLC.

2025 NY Slip Op 04289

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-1289
[*1]David W. Nusbaum, Respondent,
v
1455 Washington Avenue, LLC., et al., Respondents, and MC Group/Icon, Doing Business as Stratus, Appellant. (And a Third-Party Action.)

Calendar Date:June 4, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, McShan and Mackey, JJ.

Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for appellant.
Harding Mazzotti, LLP, Albany (Peter P. Balouskas of counsel), for David W. Nusbaum, respondent.
Sobel Pevzner, LLC, Huntington (Nicole Licata-McCord of counsel), for 1455 Washington Avenue, LLC and another, respondents.

Mackey, J.
Appeal from an order of the Supreme Court (Richard Kupferman, J.), entered June 25, 2024 in Saratoga County, which denied a motion by defendant MC Group/Icon for summary judgment dismissing the complaint and cross-claims against it.
This action, alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241, arises out of injuries sustained by plaintiff when he fell from a ladder during the installation of a convenience store sign. Leading up to this incident, defendant 7-Eleven, Inc. leased property owned by defendant 1455 Washington Avenue, LLC (hereinafter the LLC) and, upon occupying the property, contacted LSI Graphics Solution to replace certain commercial signage on the property. To this end, LSI sent a purchase order to defendant MC Group/Icon, doing business as Stratus (hereinafter Stratus), and Stratus in turn contracted with third-party defendant Top Line Ltd, Inc, doing business as AJ Sign Co. (hereinafter AJ Sign), to install the sign. Plaintiff, an employee of AJ Sign, was injured after he fell from a ladder while performing the installation.
Plaintiff commenced this action against the LLC, 7-Eleven and Stratus for claims arising under Labor Law §§ 200, 240 (1), 241 (6) and common-law negligence. The LLC and 7-Eleven answered and asserted cross-claims for indemnification and contribution against Stratus. Stratus thereafter moved for summary judgment dismissing the complaint and cross-claims against it, arguing that it was not an owner, general contractor or an agent under Labor Law §§ 200, 240 (1) and 241 (6) and, thus, was not liable for plaintiff's injuries. Plaintiff, and the LLC and 7-Eleven, opposed Stratus' motion. Supreme Court found that issues of material fact existed as to Stratus' supervision or control over plaintiff's work and, accordingly, denied its motion for summary judgment. Stratus appeals.
"Summary judgment is a drastic remedy and should not be granted where triable issues of fact are raised and cannot be resolved on conflicting [evidence]" (Schaffer v State of New York, 237 AD3d 1334, 1335 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]). Upon such motion, "it is the movant's initial burden to establish prima facie entitlement to judgment as a matter of law by submitting proof in admissible form demonstrating the absence of any material issues of fact" (Halpin v Banks, 231 AD3d 1337, 1338 [3d Dept 2024] [internal quotation marks and citation omitted]; see James v Marini Homes, LLC, 234 AD3d 1078, 1079 [3d Dept 2025]). Only upon such a showing will the burden shift to the opposing party to demonstrate the existence of a material issue of fact (see Calkins v Dernlan, 234 AD3d 1088, 1089 [3d Dept 2025]; Burgos v Darden Rests., Inc., 234 AD3d 1037, 1039 [3d Dept 2025]). Upon review, this Court "must view the evidence in a light most favorable to [the nonmoving parties], afford them the benefit of every favorable inference and avoid making credibility determinations" (Lorica [*2]v Krug, 195 AD3d 1194, 1195 [3d Dept 2021]).
The issues here center upon Stratus' role and authority over plaintiff's performance, as an employee of AJ Sign, of the installation project. "Pursuant to Labor Law § 240 (1), contractors and owners are required to provide adequate safety devices — such as scaffolding or ladders — to afford proper protection against elevation-related hazards" and, to this end, "[t]he statute imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (Barnhardt v Richard G. Rosetti, LLC, 216 AD3d 1295, 1296 [3d Dept 2023] [internal quotation marks and citations omitted], lv dismissed 40 NY3d 1005 [2023]; see DeGraff v Colontonio, 202 AD3d 1297, 1299 [3d Dept 2022], lv dismissed 39 NY3d 1150 [2023]). Labor Law § 241 (6) similarly "imposes a nondelegable duty upon owners, contractors and their agents to provide adequate protection and safety for workers" as required under the statute (Borelli v JB IV, LLC, 209 AD3d 1121, 1123 [3d Dept 2022] [internal quotation marks and citations omitted]). For purposes of these nondelegable duties, a subcontractor may be held liable where it was acting as the agent of the owner or contractor by virtue of it having been given the authority to supervise and control the work being performed at the time of the underlying injury (see Wellington v Christa Constr. LLC, 161 AD3d 1278, 1280 [3d Dept 2018]; Bowles v Clean Harbors Envtl. Servs., Inc., 72 AD3d 1307, 1308-1309 [3d Dept 2010]; Baker v Town of Niskayuna, 69 AD3d 1016, 1018 [3d Dept 2010]; Fisher v Hart, 27 AD3d 998, 999 [3d Dept 2006]). That there may be a general project manager, prime contractor or subcontractor is not dispositive on the issue of liability (see generally Mitchell v T. McElligott, Inc., 152 AD3d 928, 930 [3d Dept 2017]). Similarly, "Labor Law § 200 is a codification of the common-law duty to provide construction workers with a safe place to work and, before liability can be imposed, it must be shown that [the] defendant exercised supervisory control over the activity which brought about the injury" (Capuzzi v Fuller, 200 AD3d 1448, 1450 [3d Dept 2021] [internal quotation marks and citations omitted]; see Schoonover v Diaz, 222 AD3d 1244, 1248-1249 [3d Dept 2023]).
As for the LLC's and 7-Eleven's cross-claims, "where an owner or contractor is held liable to a plaintiff pursuant to Labor Law §§ 240 or 241, the owner or contractor may recover, under familiar common-law principles, full indemnification from the actor who caused the accident (the active tort-feasor), and, where the cause is shared, contribution" (Held v Pike Co., 140 AD3d 1664, 1664-1665 [4th Dept 2016] [internal quotation marks, ellipses and citation omitted]). "Common-law indemnification is generally available in favor of one who is held responsible solely by operation of law because of his or her relation to the actual wrongdoer," and "to establish a claim for [*3]common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident" (Morin v Heritage Bldrs. Group, LLC, 211 AD3d 1138, 1143 [3d Dept 2022] [internal quotation marks and citations omitted]; see Lamela v Verticon, Ltd., 185 AD3d 1319, 1322 [3d Dept 2020]; see generally McCarthy v Turner Constr., Inc., 17 NY3d 369, 376 [2011]). Similarly, "[c]ontribution is proper where the culpable parties are subject to liability for damages for the same personal injury, whether or not the culpable parties are allegedly liable for the injury under the same or different theories" (Held v Pike Co., 140 AD3d at 1665 [internal quotation marks and citation omitted]).
In support of summary judgment, Stratus offered, among other things, the affidavit of its former project manager, plaintiff's deposition testimony, and its purchase order and service agreement with AJ Sign. In her affidavit, the project manager averred that, based upon her knowledge of the company's operations generally and her review of the project file, Stratus was not present at the property where the sign was to be installed, was not involved with the management of the project, did not provide any necessary equipment, nor did it direct or control plaintiff's work. Plaintiff's deposition testimony similarly indicated that he had never worked with Stratus and that his work orders came solely from AJ Sign. Significantly, however, Stratus' service agreement with AJ Sign expressly provided that, although AJ Sign was to act as an "independent contractor," its role as a "field partner" required that it adhere to certain safety standards and applicable laws, and that work be performed according to Stratus' specifications. Stratus further retained the right to "have access to, and be allowed to, review and inspect" all documentation related to the project and to have "access to, and discuss with, [AJ Sign's] personnel on a regular and ongoing basis" concerning the project. Under the terms of the agreement, AJ Sign's failure to follow safe practices as described could result in Stratus taking "disciplinary action." The purchase order similarly required AJ Sign to "perform all work under [the agreement] in a skillful, diligent, thorough and careful manner," to follow several detailed specifications for the work performed, and for AJ Sign workers to "identify themselves upon arrival [at the project site] as representatives of Stratus."
In view of the foregoing contradictory evidence, we agree that an issue of fact exists as to the extent of Stratus' control and supervision over plaintiff's work. As Stratus thus failed to meet its initial burden on summary judgment on either plaintiff's claims or the cross-claims, Supreme Court properly denied its motion (see James v Marini Homes, LLC, 234 AD3d at 1082; Seem v Premier Camp Co., LLC, 200 AD3d 921, 925-926 [2d Dept 2021]; Crutch v 421 Kent Dev., LLC, 192 AD3d 977, [*4]981 [2d Dept 2021]; Paljevic v 998 Fifth Ave. Corp., 65 AD3d 896, 898 [1st Dept 2009]; compare Van Hoesen v Dolen, 94 AD3d 1264, 1267 [3d Dept 2012], lv denied 19 NY3d 809 [2012]; Ryder v Mount Loretto Nursing Home, 290 AD2d 892, 894 [3d Dept 2002]).[FN1]
Egan Jr., J.P., Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.

Footnotes

Footnote 1: In view of our determination, we decline plaintiff's request that, despite the absence of a cross-appeal, we exercise our authority to search the record and grant him partial summary judgment (see Tuthill Fin., a Ltd. Partnership v Candlin, 129 AD3d 1375, 1376 [3d Dept 2015]).